Medina-Elliot v. Barr
BIA
Straus, IJ
A078 998 680

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand twenty.

PRESENT:
> GUIDO CALABRESI,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

MARCELINA TOLA MEDINA-ELLIOT,
> *Petitioner,*

> v.                                        18-2430
>                                           NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Joshua E. Bardavid, New York, NY.

FOR RESPONDENT:            Ethan P. Davis, Acting Assistant
                           Attorney General; Brianne Whelan
                           Cohen, Senior Litigation Counsel;
                           Laura M.L. Maroldy, Trial
                           Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Marcelina Tola Medina-Elliot, a native and citizen of Peru, seeks review of an August 14, 2018, decision of the BIA affirming a February 14, 2018, decision of an Immigration Judge ("IJ") denying her motion to reopen. *In re Marcelina Tola Medina-Elliot,* No. A078 998 680 (B.I.A. Aug. 14, 2018), *aff'g* No. A078 998 680 (Immig. Ct. Hartford Feb. 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the denial of a motion to reopen for abuse of discretion and the country conditions determination for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69

2

(2d Cir. 2008).

The agency did not abuse its discretion in denying Medina-Elliot's motion to reopen, which was based on her fear of violence against women in Peru. It is undisputed that her 2018 motion to reopen was untimely because it was filed more than eleven years after she was ordered removed in 2006. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day deadline for filing motion to reopen); 8 C.F.R. § 1003.23(b)(1) (same). Although the time limitation does not apply to motions to reopen to apply for asylum "based on changed country conditions arising in the country of nationality," 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i), the agency did not err in finding that Medina-Elliot failed to demonstrate such conditions.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the agency found, Medina-Elliot's

3

evidence demonstrated that violence against women had been a problem impacting a significant majority of Peruvian women since the time of her 2006 proceedings.  Her assertion of a change in agency law and her prima facie eligibility for relief are not bases for excusing an untimely filing.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1).

Accordingly, because Medina-Elliot did not establish a material change in country conditions, the agency did not abuse its discretion in denying her motion to reopen as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C).  We do not reach the BIA's alternative dispositive determination that she did not establish her prima facie eligibility for relief.  *See* 8 C.F.R. § 1003.23(b)(1), (3); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court